(28 App. Div. 540.)

### REIDMAN v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.   April 26, 1898.)

CARRIERS—ASSAULT BY CONDUCTOR—EVIDENCE.

At the trial of an action to recover damages for an assault committed by
a person alleged to have been in defendant's employ as a conductor on one
of its horse cars, plaintiff proved that a certain other company had, a year
before the accident, leased to defendant for 999 years certain railroad routes,
including one passing through the street where the assault was shown to
have occurred.   Thereafter, in the course of the trial, defendant's counsel,
while denying that defendant operated any cars, admitted that they owned
and operated a railroad on that street.   *Held* that, in the absence of any
evidence in support of the denial by counsel, there was enough to warrant
the presumption that the car from which the plaintiff was thrown was under
defendant's control and management.

Appeal from trial term, Kings county.

Action by George Reidman against the Brooklyn, Queens County
& Suburban Railroad Company.   From a judgment in favor of de-
fendant on the dismissal of the complaint at the close of plaintiff's
case, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and
WOODWARD, JJ.

Bernard H. Lord, for appellant.
Charles A. Collin, for respondent.

WILLARD BARTLETT, J.   This action was brought to recover
damages for an assault upon the plaintiff alleged to have been com-
mitted by an employé of the defendant while acting as a conductor
of one of its horse cars on North Second street, in the city of Brook-
lyn, on the 15th day of January, 1895.   Upon the trial, proof was
introduced which would have authorized the jury to find that the
plaintiff was assaulted some time in the month of January, 1895,
by the conductor of a horse car on the street mentioned; but, when
the plaintiff rested, the defendant moved to dismiss the complaint
on the ground that the evidence did not show that the car be-
longed to defendant's line, or was operated by the defendant, or
that the conductor was in the employment of the defendant at the
time the assault was committed.   Thereupon the plaintiff was
allowed to reopen his case, and called the president of the defend-
ant corporation to strengthen his evidence on the point raised by
the motion.   After this witness had testified, the motion to dis-
miss was renewed, and was granted.   The main question which
arises upon the present appeal is whether the proof and admissions
in the case would have justified the jury in finding that the con-
ductor who attacked the plaintiff was in the service of the defend-
ant.   Only two facts were proved, bearing upon this branch of
the case.   One was that in January, 1894, the Broadway Ferry &
Metropolitan Avenue Railroad Company had leased to the defend-
ant corporation, for a term of 999 years from that date, a certain
railroad and railroad routes then owned, constructed, or operated
by the lessor in the city of Brooklyn, county of Kings, and in the
town of Newtown, in the county of Queens, among which routes was

one passing through North Second street at the point where the assault is said to have occurred. The other fact was that the words on the car from which the conductor expelled the plaintiff were, "North Second Street and Middle Village." This designation, of itself, threw no light on the question of the ownership or control of the cars. In addition to these facts, however, there appears in the record a very important admission which was made in the course of the trial, in a colloquy between Mr. William G. Brown, one of the counsel for the plaintiff, and Mr. Thomas L. Hughes, one of the defendant's counsel. I quote:

"Mr. Brown: I would like to make a request of the attorneys for the defendant. They at one time promised to admit that it was the cars of this defendant company that were passing over and through that street at the time in question. Mr. Hughes: I decline to admit that, if your honor please. I will admit that we owned and operated a railroad upon that street. I do not admit that we operated any cars at that time. In fact, I deny that we did. The Court: You deny that the defendant operated any cars at that time on that street? Mr. Hughes: Yes, sir."

It seems to me that the statement of Mr. Hughes, when considered in connection with the lease which was put in evidence, might fairly be treated by the jury as an admission that the defendant, after the making of the lease, and prior to the alleged assault, had entered into the possession of the leased routes, and operated the railroad line in North Second street, which was one of the lines mentioned in that instrument. In the absence of proof in support of his denial that the defendant ran any cars there at the particular time when the assault was alleged to have been committed, there was enough in the case to warrant the presumption that the car from which the plaintiff was thrown was under the defendant's control and management, through the agency of the conductor who assailed the lad. The lease showed that the legal right to the possession and operation of the line was in the defendant. So far as appeared, this right was exclusive. The admission showed that the defendant had actually assumed the possession and undertaken the operation of the railroad in North Second street, as it was authorized to do under the lease. This state of things having been established, it was presumed to continue, especially as the lease contemplated its continuance for a period of 999 years. Wilkins v. Earle, 44 N. Y. 172, 192. The plaintiff was entitled to the benefit of this presumption with the jury, unless it was overthrown, as it readily might be if the facts were as alleged in behalf of the defendant, by proof that the defendant ran no car over the North Second street line during the period in which the jury should find that the assault, if any, was committed. I have not discussed the testimony of Mr. Clinton L. Rossiter, the president of the defendant corporation, whom the plaintiff called as a witness after being allowed to reopen the case, because that testimony, so far as it bore upon the question under consideration, was purely hearsay, and therefore did not affect the plaintiff's position one way or the other. The evidence in behalf of the plaintiff as to the date of the alleged assault, the direction in which the car was going at the time, and various other circumstances, was confused and contradictory; and

we are asked to sustain the dismissal of the complaint on this ground, as well as by reason of the absence of any connecting link in the proof between the conductor and the defendant company. I think it quite clear, however, that the case was one for the jury, from either point of view.

Judgment reversed, and new trial granted; costs to abide the event. All concur.